UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CHARLTON E. BELL,**

      **Plaintiff,**

vs.                                           Case No.: 3:09-cv-406-J-32MCR

**ATLANTIC TRUCKING COMPANY, INC. and
TED SPARKS,**

      **Defendants.**

_____

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED VERIFIED
COMPLAINT OR, IN THE ALTERNATIVE,
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendants' Motion to Dismiss, or in the Alternative to Compel Arbitration should be denied. The contract at issue in the instant case is excluded from the reach of the Federal Arbitration Act ("FAA") and is therefore not subject to arbitration. Furthermore, even if the contract is subject to FAA, the arbitration clause at issue in the instant case does not explicitly state that Plaintiff's §1981 claim is subject to arbitration.

**I.    Applicability of FAA**

The FAA mandates judicial enforcement of a wide range of written arbitration agreements. *Gagnon v. Service Trucking Inc.*, 266 F. Supp. 2d 1361, 1363 (M.D. Fla. 2003) citing *Circuit City Stores, Inc. v. Adams*, 522 U.S. 105, 111 (2001). 9 U.S.C. §2, the coverage provision of the FAA, provides that:

> [A] written provision in any maritime contract or any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusals to perform the whole or any part thereof, or an agreement in writing to submit to arbitration in an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, an enforceable, save upon such grounds exist at law or inequity for the revocation of any contract.

9 U.S.C. §2.

Although, there is a strong presumption in favor of arbitration under the FAA, Section 1 of the FAA expressly limits the reach of the FAA by exempting from its coverage certain contracts of employment of workers engaged in interstate commerce. *See Gagnon*, 266 F. Supp. 2d 1363-1364; 9 U.S.C. §1. ("[N]othing contained herein shall apply to contracts of employment of...workers engaged in foreign or interstate commerce.").

Bell's contract is a lease agreement pursuant to 49 C.F.R. 376.12 (formerly 49 C.F.R. 1057.12, which is referenced throughout the contract) whereby Bell, as the owner/operator of a truck, has agreed to lease his truck and his services to a motor carrier, Atlantic Trucking. Several courts have determined that lease agreements between owner/operators and motor carriers, like Bell's contract, constitute "contracts of employment" involving workers engaged in interstate commerce and thus are excluded from the provisions of the FAA. *See Gagnon*; *Owner Operator Independent Driver's Inc., v. Landstar, Inc.*, 2003 WL 23941713 (M.D. Fla. 2003); and *Owner Operator Independent Driver's Association v. CR England, Inc.*, 325 F. Supp. 2d 1252 (D. Utah 2004).

In *Gagnon* and *C.R. England*, the agreements between the owner/operator and the motor carrier were termed "Independent Contractor Operating Agreement[s]." *Gagnon*, 266 F.Supp.2d at 1364; *C.R. England*, 325 F.Supp.3d at 1256. Both courts found that although the agreements were

termed "Independent Contractor Agreements," this characterization was not dispositive of the relationship between the owner/operator and the motor carrier. *Gagnon*, 266 F.Supp.2d at 1256; *C.R. England*, 325 F.Supp.2d at 1258.

In *Gagnon,* the plaintiff, an owner/operator of a truck, brought an action against a motor carrier with whom the owner/operator had entered into a contract. *Gagnon,* 266 F.Supp.2d at 1362-63. The contract was entitled "Independent-Contractor Operating Agreement" and paragraph 16 of the agreement contained an arbitration clause. *Id.* at 1363. Based on the arbitration clause, the defendant moved the court to compel the plaintiff to arbitrate the claims in the case pursuant to the FAA. *Id.* The plaintiff argued that his contract with the defendant was a contract of employment involving workers engaged in interstate commerce, and thus, was exempted from coverage of the FAA. *Id.* The court agreed and found that 49 U.S.C. §14102 creates a statutory employee/employer relationship between truck drivers and motor carriers. *Id.* at 1365, *citing, Judy v. Tri-State Motor Transit Co.,* 844 F.2d 1496, 1500-01 (11th Cir. 1988). The court also applied common law agency principles to support its conclusion that the agreement was an employment contract. In reaching its decision, the court noted that although the agreement was entitled "Independent-Contractor Operating Agreement," how the employment relationship was described by the parties was not dispositive. *Id.* at 1364. As a result, the court concluded that the arbitration clause was not enforceable under the FAA and denied the defendant's motion to compel arbitration. *Id.* at 1367.

Similarly, in *C.R. England,* the plaintiffs, owner/operators of trucks brought claims against a motor carrier and the motor carrier moved to compel arbitration. 325 F.Supp.2d at 155-56. Like the plaintiff in *Gagnon,* the plaintiffs in *C.R. England* also had contracts with the motor carrier entitled "Independent Contractor Operating Agreement[s]." *Id.* at 1256. Just as the court in *Gagnon*

found that the owner/operator's contract with the motor carrier was exempted from the FAA, the *C.R. England* court also found as follows:

> The court finds that the Operating Agreements at issue in this case are "contracts of employment" within the meaning of the FAA. The Operating Agreements cover the owner-operator's agreement to perform personally or through other drivers, certain functions related to the operation of the equipment for C.R. England's business, namely to operate the equipment together with all necessary drivers and labor to transport freight on the company's behalf. As such, this court finds that they are contracts of employment of transportation workers and are exempt from compulsory arbitration under the FAA.

*Id.* at 1258 (internal citations omitted). The *C.R. England* court also found that the boilerplate language of the agreements stating that the relationship is that of "carrier and independent contractor and not as employer-employee" was not controlling on this issue. *Id.* at 1258.

Finally, in *Landstar System,* the court found that contracts between owner/operators and motor carriers were contracts of employment exempt from the coverage of the FAA and refused to compel arbitration in a case similar to *Gagnon* and *C.R. England Landstar System,* 2003 W.L. 23941713, *1-2 (M.D. Fla. 2003).

In light of the foregoing, it is clear that Bell's agreement with Atlantic Trucking is a "contract of employment" of a worker engaged in interstate commerce and is thus exempted from the coverage of the FAA, regardless of the fact that it is entitled an independent contractor agreement. As a result, just as the Middle District in *Gagnon* and *Landstar,* as well as District of Utah in *C.R. England,* denied the motor carriers' motions to compel arbitration, this Court should deny Defendants' Motion to Compel Arbitration in the instant case.

**II.     Arbitration of §1981 Claim**

A §1981 claim can be subject to a valid arbitration agreement. *See Wright v. Circuit City Stores, Inc.*, 82 F.Supp. 2d 1279, 1281 (N.D. Ala. 2000). However, an agreement to arbitrate statutory anti-discrimination claims must be "explicitly stated" in the contract. *See 14 Penn Plaza, LLC v. Pyett*, 129 S.Ct. 1456, 1465 (2009).

In *Wright v. Circuit City Stores*, the arbitration clause in the plaintiff's employment agreement stated that the arbitration clause applied to claims arising under "Title VII of the Civil Rights Act of 1964, as amended, including amendments of The Civil Rights Act of 1991 and claims arising under 42 U.S.C. §1981." *See Wright,* 82 F.Supp.2d at 1281. Similarly, in *14 Penn Plaza v. Pyett*, the arbitration clause stated that "claims made pursuant to Title VII of The Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination and Employment Act, the New York State Human Rights Law, the New York City Human Rights Code,...or any other similar laws, rules, or regulations...shall be subject to the...arbitration procedure[.]". *See Pyett*, 129 S. Ct. at 1461. Accordingly, an arbitration agreement must explicitly state that a §1981 claim is subject to arbitration in order to require arbitration of a §1981 claim.

In contrast, Bell's agreement states that "any controversy or claim arising out of or related to this agreement" is subject to arbitration. Thus, while containing what appears to be broad language, Bell's agreement fails to explicitly state that statutory anti-discrimination claims, such as §1981, are subject to the arbitration clause, similar to the arbitration clauses in the cases mentioned above. As a result, the arbitration clause in Bell's contract does not apply to his §1981 claim. *See Brisentine v. Stone & Webster Engineering Corp.*, 117 F.3d 519, 527 (11th Cir. 1997) ("[T]he agreement must authorize the arbitrator to resolve federal statutory claims - it is not enough that the

arbitrator can resolve contract claims, even if the factual issues arising from those claims overlap with the statutory claim issues.").

### III.    Conclusion

The contract at issue in the instant case is excluded from the reach of the FAA and fails to explicitly state that Plaintiff's §1981 claim is subject to arbitration.  Accordingly, Defendants' Motion to Dismiss Verified Amended Complaint or in the Alternative, to Compel Arbitration and Stay Proceedings should be denied.

Respectfully submitted,

   /s/     Bryan E. DeMaggio
Wm. J. Sheppard, Esquire
Florida Bar No.:  109154
D. Gray Thomas, Esquire
Florida Bar No.:  956041
Matthew R. Kachergus, Esquire
Florida Bar No.:  503282
Bryan E. DeMaggio, Esquire
Florida Bar No.:  055712
Sheppard, White, Thomas & Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:     (904) 356-9667
Email:            sheplaw@att.net
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2009, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following:

>**Douglas B. Lang, Esquire**
>**James A. Bledsoe, Esquire**
>**Bledsoe, Jacobson, Schmidt, Wright, Land**
>  **& Wilkinson**
>**1301 Riverplace Boulevard**
>**Suite 1818**
>**Jacksonville, Florida 32207**

I HEREBY CERTIFY that on July 7, 2009, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

N/A

                                                    */s/*     *Bryan E. DeMaggio*
                                  ATTORNEY

ldh[bell.charlton.reply]